UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL NETWORK OF ABORTION FUNDS, EASTERN MASSACHUSETTS ABORTION FUND, GATEWAY WOMEN'S ACCESS FUND, KENTUCKY HEALTH JUSTICE NETWORK, NORTHWEST ABORTION ACCESS FUND, and PRETERM ACCESS FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW JAMES DAVIS, JOHN DOES #1-15,<br><br>Defendants. | Case No.: 1:18-cv-10596 (GAO)<br><br>**MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT MATTHEW JAMES DAVIS** |

Plaintiffs respectfully move pursuant to Fed. R. Civ. P. 4(f)(3) for an Order allowing alternative service of the Summons and Complaint on Defendant Matthew James Davis ("Davis"). As stated in the Amended Complaint, Plaintiffs have alleged on information and belief that Defendant Davis resides in either Florida or Japan. Since filing the Amended Complaint, Plaintiffs' counsel has been able to confirm that Davis resides in Japan. However, Plaintiffs have been unable to determine Davis's actual address, and therefore seek the Court's approval to serve process; (1) by e-mail directed to davismj@foursails.co and davis.matthewjames@gmail.com; (2) by mail to Davis's business address in Japan; and/or (3) by service on the registered agent for Davis's company in Davie, Florida.

**FACTS**

Plaintiffs initiated this case on March 28, 2018 by filing an initial Complaint against unknown individuals and entities (ECF No. 1). On April 10, 2018, Plaintiffs filed an Amended Complaint naming Matthew James Davis as a Defendant (ECF No. 6). In their Amended

Complaint, Plaintiffs allege that Matthew James Davis, possibly together or with the assistance of other unknown Defendants, unlawfully and maliciously hacked into the Plaintiffs' online fundraising platform for the sole purpose of preventing or otherwise disrupting the Plaintiffs' efforts to provide access to abortions. The attack resulted in significant financial loss to the Plaintiffs, among other damages. As outlined in the Amended Complaint, suspicious tweets that specifically referenced the hack were sent to Plaintiff NNAF's Twitter account from a Twitter account believed to be controlled by Defendant Davis. Based on these tweets, as well as Davis's outspoken anti-abortion views as referenced in various online platforms, including his Twitter account, Davis is believed to be primarily responsible for the attack.

As outlined in the Declarations submitted in support of this motion, Plaintiffs have been able to confirm that Davis most likely resides in Sapporo, Japan. However, despite diligent efforts to determine his current residential address, that address remains unknown to Plaintiffs.

**I.     ARGUMENT**

The United States and Japan have entered into the Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 (hereinafter "Hague Convention"); https://www.hcch.net/en/states/hcch-members (last visited May 29, 2018) (listing the contracting states to the Hague Convention).

Article I of the Hague Convention clearly dictates that the Convention "shall not apply where the address of the person to be served with the document is not known." 20 U.ST. 362, Art. 1. However, before a plaintiff "can circumvent the methods for service of process authorized by the Hague Convention," the plaintiff must "put forth *reasonable diligence* in attempting to discover [the] defendant's address." *Backjoy Orthotics, LLC v. Forvic International Inc.,* 2016

WL 7664290, 4 *citing Compass Bank v. Katz*, 287 F.R.D. 392, 395 (S.D. Tex. 2012) (emphasis in original). "[I]n deciding whether defendants' addresses are 'unknown', courts have repeatedly looked to the efforts plaintiffs have put forth in attempting to discover said addresses." *Compass Bank* at 394-95.

Plaintiffs have run extensive searches on the internet and have combed Davis's online profiles, as well as those of his company, his wife, and his father in order to determine his whereabouts. Plaintiffs have hired an investigation firm to run additional searches in Japan. Goldberg Decl. ¶4. That investigation firm, Kroll, Inc. ("Kroll"), searched corporate registry databases in Japan, placed inquiries regarding possible residential addresses for Davis, performed searches for Davis's address through his spouse's name, and performed searches of social media and other public records in Japan to find his spouse Fuka Davis's birth date and Chinese characters of her maiden name. Koboyashi Decl. ¶¶ 6-9, 12-13. But these searches were futile and Kroll was not able to find Davis's address. *Id*. at ¶14.

Kroll informed Plaintiffs' counsel that the only alternative left would be to set up surveillance at the possible business address listed for Davis's company, Foursails Technology Group, Inc. in Japan, as identified on the company's website, in the hopes that Davis would appear and could be followed back to his home. *Id*. at ¶15. But for the reasons outlined in the Kobayashi Declaration, this would likely be an extremely expensive course of action, with little chance of success. *Id.*

As demonstrated above, Plaintiffs have exercised reasonable diligence in attempting to discover Defendant Davis's address in Japan. Regardless, his address remains unknown and therefore the Hague Convention should not be deemed applicable. *See*, *e.g. Chanel, Inc. v. Song Xu,* 2010 WL 396357, at *1, *3 (W.D. Ten. Jan. 27, 2010) (rationalizing that, because plaintiff

hired a private investigator in China who determined that the physical addresses provided by defendants did not identify street names, numerical street addresses or building numbers and that the addresses interchanged postal codes and sections for various cities, and who also conducted further searches of public databases and directories in China, unable to locate defendants, their addresses were unknown).

Fed. R. Civ. P. 4(f)(3) permits service of process on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." Constitutional due process requires only that service of process provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Courts permit service of process by e-mail under Rule 4(f)(3) where traditional methods of service are unavailable and e-mail service is reasonably likely to satisfy Constitutional due process requirements:

> By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by "other means," such as service through counsel and by e-mail. Given that the district court was presented with "an elusive international defendant, striving to evade service of process," the court acted within its discretion when it authorized alternative service under Rule 4(f)(3).

*AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) (quoting *Rio Properties, Inc. v. Rio Intern. Interlink Eyeglasses* 284 F.3d 1007 (9th Cir. 2002)). This Court has also approved alternative service of process by e-mail where the plaintiff was unable to locate the defendants. *Core Brands, LLC v. Designer Audio Video*, No. CV 16-11830-DPW, 2017 WL 4898321, at *1 (D. Mass. Apr. 28, 2017); *see also Russell Brands, LLC v. GVD Int'l Trading, SA*, 282 F.R.D. 21, 25 (D. Mass. 2012) (noting that Arizona court has allowed service by e-mail and

that Rule 4(f) "does not create a hierarchy of preferred methods of service of process' and 'court directed methods of service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." (quoting *Liberty Media Holdings, LLC v. Vinigay.com*, No. CV-11-0280-PHX-LOA, 2011 WL 810250, at *4 (D. Ariz. Mar. 3, 2011)).  Other courts have similarly approved service of process via e-mail.  *See, e.g. Rio Properties, Inc. v. Rio Intern. Interlink Eyeglasses*, 284 F.3d 1007 (9th Cir. 2002) (approving service by e-mail); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.*, 2008 WL 5100414, at *1 ( (N.D. Ill. Dec.1, 2008) (service of process via e-mail and facsimile comports with constitutional due process and can be authorized under Rule 4(f)(3)); *Phillip Morris USA Inc. v. Veles, Ltd.,* 2007 WL 725412 (S.D.N.Y.2007) (authorizing service of process via e-mail where no physical addresses were posted on allegedly infringing websites and the defendant's "business appear [ed] to be conducted entirely through electronic communications"); *Popular Enters., LLC v. Webcom Media Group, Inc.,* 225 F.R.D. 560, 563 (E.D.Tenn.2004) (service by e-mail reasonably calculated to apprise defendant of the action and give it an opportunity to respond); *In re Int'l Telemedia Assoc.,* 245 B.R. 713, 719–20 (Bankr.N.D.Ga.2000) (authorizing service via e-mail).

     Plaintiffs have made reasonable efforts to determine Defendant Davis's residential address in Japan but that address remains unknown.  Davis's company, which he references in active online profiles[1] and which was designated as active per an annual registration filed on April 1, 2018, maintains a website that cites a specific e-mail address for Davis (davismj@foursails.co). Davis has also listed what appears to be a personal e-mail address, davis.matthewjames@gmail.com, on his GitHub profile.

---

[1] Davis's profile on Stackoverflow states that is he is the President of Foursails Technology Group and his Stackoverflow profile indicates that he logged in as recently as May 30th 2018. *See* https://stackoverflow.com/users/1981050/matthew-james-davis and Goldberg Decl. at ¶12.

Additionally, Plaintiffs can effectuate alternative service by mail to Davis's company's address in Japan. The Foursails Technology Group's website includes a contact page with an address for the company: 1 Chome-3-3 Kita 2 Jōhigashi, Chūō-ku, Sapporo-shi, Hokkaidō 060-0032. Plaintiffs can also effectuate service on the registered agent of Davis's company, who is also his mother, at the address used in the corporate annual registration filed on April 1, 2018: 4056 SW 67th Terrace, Davie, Florida 33314.[2] *See, e.g. BMO Harris Bank, N.A. v. Guthmiller*, 2014 WL 2600362, at *3 (D. Ariz. June 10, 2014) (allowing alternative service by mail to the last known business address of the person to be served); *Atkin v. Goldberg's New York Bagels*, 2017 WL 462509, at *1 (D. Md. Feb. 1, 2017) (approved alternative service by mailing a copy of the Complaint by first class mail to the resident agent's business address).

It bears noting that there is evidence Davis is already aware of the lawsuit (based on the suspension of his Twitter account when he was contacted by media outlets inquiring about it) which further supports the suitability of alternative service. Goldberg Decl. ¶13. *Inter 123 Corp. v. Ghaith,* 2014 WL 1763280, at *6 (D.Ariz. May 5, 2014) (authorizing alternative service because defendant was "clearly aware of [the] action as shown by his retention of counsel."); *Gurung v. Malhotra*, 279 F.R.D. 215 (S.D.N.Y. 2011) (finding that alternative service through publication comports with due process in situations where service through the Hague Convention has failed and defendants are aware of the litigation against them).

---

[2] This address is believed to also be the residential address of Davis's parents: Jim and Angela Davis.

Plaintiffs submit that service on Davis through these alternative means of service will be reasonably calculated to apprise him of this proceeding and give him an opportunity to respond.

## CONCLUSION

For the foregoing reasons, the Court should allow Plaintiff to serve the Summons and Complaint on Defendant Davis by (1) e-mail, directed to davismj@foursails.co and davis.matthewjames@gmail.com (2) mail to Davis's business address in Sapporo, Japan; and/or (3) service on the registered agent for Davis's company in Davie, Florida, as permitted under Fed. R. Civ. P. 4(f)(3).

Dated:  June 1, 2018

*/s/* Mitchell J. Matorin
Mitchell J. Matorin (BBO# 649304)
Matorin Law Office, LLC
18 Grove Street, Suite 5
Wellesley, MA 02482
(781) 453-0100
mmatorin@matorinlaw.com


*/s/* Carrie Goldberg
Carrie Goldberg (admitted *pro hac vice*)
C.A. GOLDBERG, PLLC
16 COURT STREET, SUITE 2500
BROOKLYN, NY 11241
carrie@cagoldberglaw.com
*Attorney for Plaintiffs*

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and copies will be sent to those indicated as non-registered participants.

/s/ Mitchell Matorin